PALOMARES (UNITED STATES v.). See Case No. 15,990.

---

## Case No. 10,701.

### PALYART v. GOULDING.

[Brunner, Col. Cas. 2;[1] 2 Mart. N. C. 78.]

Circuit Court, D. North Carolina. June Term, 1792.

PARTNERSHIP—ACTION UPON NOTE—AGAINST ONE PARTNER—ACT OF CONGRESS.

A firm in Maryland gave its promissory note to A. signed in the name of a firm, and A. sued

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

one of the partners alone, relying on the act of 1789. See 1 Rev. St. c. 31, § 89. *Held*, that he might do so, as that act did not affect the contract, but only extended the remedy.

The defendant and his two brothers carried on business as merchants in the state of Maryland, under the firm name of John Goulding & Brothers, and in the year 1791 gave the plaintiff the promissory note on which this action was brought, for a debt of the said partnership, signed John Goulding & Brothers, the style of the firm. The defendant (being the only partner in this state) was sued alone; he pleaded in abatement to the action that this contract was entered into in the state of Maryland, and that the other partners who were living and not named ought to be made defendants. To this plea there was a general demurrer.

Mr. Graham, in support of the demurrer, relied wholly on the fifth section of the act of assembly of this state (1789, 57,688).

Woods & Martin contended that this case came within the rule of lex loci, and that to allow this act the operation insisted on for the plaintiff would substantially alter the contract.

But PATTERSON, Circuit Justice, took a distinction between the contract and the remedy, and observed that the contract remained the same, notwithstanding this act, and that the remedy only was extended.

And SITGREAVES, District Judge, accordante.

A respondeas ouster was awarded.